IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GARY A. KENNEY and** <br> **BRENDA M. KENNEY,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **CITIMORTGAGE, INC. and** <br> **MILLSAP & SINGER** <br> **LAW FIRM, LLC,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-2436-JAR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

Plaintiffs Gary Kenney and Brenda Kenney bring this action against Defendants seeking damages for violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant Millsap & Singer, LLC filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (Doc. 10). Plaintiffs filed a response to the motion to dismiss out of time, and without seeking prior leave to do so; Defendant filed a reply asking this Court to strike Plaintiffs' response; Plaintiffs then filed a sur-reply. The Court entered an Order striking Plaintiffs' Response and Sur-Reply, and granted leave to file a motion seeking leave to file their response to the motion to dismiss out of time (Doc. 19). This matter is before the Court on Plaintiffs' Motion for leave to file its response to Defendant's Motion to Dismiss out of time (Doc. 20). For the reasons explained in detail below, the Court grants Plaintiffs' motion based on excusable neglect.

Plaintiffs filed their response to Defendant's motion to dismiss on October 20, 2014, ten days after their response deadline expired. Under D. Kan. Rule 6.1(a):

> All motions for an extension of time to perform an act required or allowed to be done within a specified time must show:
> (1) whether there has been prior consultation with other parties and the views of other parties;
> (2) the date when the act was first due;
> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
> (4) the cause for the requested extension. Parties must file the motion before the specified time expires. **Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires**.[1]

Under D. Kan. Rule 7.4(b),

> **Absent a showing of excusable neglect,** a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.[2]

Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[3] On the other hand, "inadvertence, ignorance of the rules, or mistakes concerning the rules do not usually constitute 'excusable neglect.'"[4] The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing

---

[1] D. Kan. Rule 6.1(a) (emphasis added).

[2] D. Kan. Rule 7.4(b) (emphasis added).

[3] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[4] *Id.* at 392.

2

party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[5]  Perhaps the single most important factor in determining whether neglect is excusable is fault in the delay.[6]  Further, "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."[7]  "'[A] mistake . . . could occur in any [attorney's] office, no matter how well run.'"[8]

      Taking into account all of these factors, the Court finds no showing of any prejudice to Defendant from the delay should the Court allow Plaintiffs to file a response out of time because Defendant is still allowed to file a reply.  In addition, the length of the delay is relatively minimal and will not significantly disrupt the judicial proceedings, which is still in the early phases.[9]  The Court finds no suggestion that Plaintiffs acted in bad faith.  Finally, the reason for the delay is that Plaintiffs' counsel neglected the deadline.  The Supreme Court has noted that the ordinary meaning of "neglect" is "'to give little attention or respect' to a matter, . . . 'to leave undone or unattended to

---

[5]*Id.* at 394–95; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004).

[6]*Jennings v. Rivers*, 394 F.3d 850, 856 n.5 (10th Cir. 2005) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[7]*Id.* (citing *Hancock v. Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[8]*Id.* (quoting *Hancock*, 857 F.2d at 1396).

[9]The Court denied in part Defendant's Motion to Stay Discovery as premature, as the Rule 26(f) conference has yet to occur.  Doc. 15.

esp[ecially] through carelessness.'"[10]  Plaintiffs' sole reason for failing to file a timely response is counsel's mistake in calendaring the response date as due on October 20 instead of October 10; counsel states he was unaware of the mistake until he received Defendant's reply seeking to strike the response as untimely.  While the facts of this case present a close call, the Court finds that Plaintiffs' counsel did not completely ignore or disregard the deadline, but went to the effort to place the deadline on his calendar, albeit the wrong date.[11]  Accordingly, the Court finds that Plaintiffs' neglect was excusable and their motion is granted.  In so ruling, the Court trusts that counsel for Plaintiffs will exercise diligence in complying with both deadlines and the local rules for the remainder of these proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Leave to File Response Out of Time (Doc. 20) is GRANTED; Plaintiffs shall immediately file their response attached as Exhibit A to the motion.

**IT IS SO ORDERED.**

Dated: January 21, 2015

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[10]*Pioneer Inv.*, 507 U.S. at 388.

[11]*See Baker v. Promise Reg'l Med. Ctr.*, No. 10-cv-1257-KHV, 2012 WL 899265, at *2–3 (D. Kan. Mar. 16, 2012) (finding excusable neglect where counsel's staff calendared deadline for the wrong date) (citing *Harvey v. Via Christie Reg'l Med. Ctr.*, 05-1114-JTM (Feb. 28, 2006)).